**UNITED STATES of America**

v.

**46 GAMBLING DEVICES (Coin-Operated Slot Machines).**

**Civ. No. 8480.**

United States District Court
D. Maryland, Civil Division.
March 7, 1956.

George Cochran Doub, U. S. Atty., and William F. Mosner, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Eldridge Hood Young, Baltimore, Md., for North Beach Amusement Co., Inc., claimant.

THOMSEN, Chief Judge.

The government has filed a libel for forfeiture under the Johnson Act, 15 U.S.C.A. §§ 1171–1177, of forty-six gambling devices (slot machines), knowingly transferred by three named persons from Parkersburg, West Virginia, to the town of Ritchie, in Prince George's County, Maryland, on March 4, 1954. North Beach Amusement Company, Inc., a Maryland corporation, which carries on an amusement business at North Beach, in Calvert County, Maryland, has claimed forty-two of the machines. It does not dispute the facts set out above, but contends that its purchase of the machines "under the laws of the State of Maryland" was not in violation of 15 U.S.C.A. § 1172, and that the forfeiture of the machines would deprive it of its property without due process of law.

15 U.S.C.A. § 1172 provides in pertinent part:

"It shall be unlawful knowingly to transport any gambling device to any place in a State, the District of Columbia, or a possession of the United States from any place outside of such State, the District of Columbia, or possession: *Provided,* That this section shall not apply to transportation of any gambling device to a place in any State which has enacted a law providing for the exemption of such State from the provisions of this section, or to a place in any subdivision of a State if the State in which such subdivision is located has enacted a law providing for the exemption of such subdivision from the provisions of this section."

The Maryland law relied on by claimant was originally enacted by Chapter 13 of the Acts of 1948, Extraordinary Session, and was repealed and reenacted by Chapter 184 of the Acts of 1951. These acts added secs. 176 through 177C to Article 5 of the Code of Public Local Laws of Maryland, title "Calvert County", for the purpose, as stated in the title to the 1951 act, of "removing

from the operation of Sections 288 to 307, inclusive, of Article 27, of the Annotated Code of Maryland (1939 Edition), title 'Crime and Punishment,' sub-title 'Gaming,' the operation of certain coin operated gambling machines in Calvert County, relating to the legalizing, licensing, and regulating the operation of coin operated mechanical or electrical amusement and/or gambling devices or machines, and the distribution thereof in Calvert County, and providing for the disposition of funds derived from such licensing." There is no similar law for Prince George's County. The operation of such machines in Prince George's County is illegal under the general law, which is now codified as secs. 303 to 330 of Article 27 of the Annotated Code of Maryland, 1951 Ed.

The evidence shows that the forty-two machines were purchased by claimant on or about March 5, 1954, in Prince George's County, Maryland, and that since their purchase all but two of them have been continuously stored in a barn on the property of claimant's president in Prince George's County. Two of the machines were taken to Calvert County and kept at North Beach as reserves, in case any of the machines regularly used there needed repairs. None of the forty-two machines has ever been licensed under secs. 176–177C.

■■ As we have seen, 15 U.S.C.A. § 1172, contains a proviso that it shall not apply to the transportation of any gambling device "to a place in any State which has enacted a law providing for the exemption of such State from the provisions of this section, or to a place in any subdivision of a State if the State in which such subdivision is located has enacted a law providing for the exemption of such subdivision from the provisions of this section." Has Maryland enacted a law which complies with this proviso, and if it has, do these machines come within that law? The answer to

both questions is "no". The Johnson Act, 15 U.S.C.A. §§ 1171–1177, became effective January 2, 1951. The Maryland local law for Calvert County was passed originally in 1948, and, of course, did not refer to the later Federal law. It was repealed and reenacted, with certain changes, in 1951. The 1951 act was approved on March 24, 1951, two months after the Johnson Act, but did not attempt to exempt the State or Calvert County from the provisions of sec. 1172. It did not refer to the Federal statute in any way, either in its title or in the body of the act. A law intended as an exemption should indicate that intention on its face, and not leave the matter to arguable inference based on a comparison of its provisions with those of the statute of another sovereignty to which it makes no reference. United States v. Two Hollycrane Slot Machines, D.C.Mass.1955, 136 F.Supp. 550, Aldrich, D. J. Nevada has passed the type of statute which complies with the proviso, Nevada Session Laws of 1951, ch. 97, p. 113.

■ Even if the local law for Calvert County did comply with the proviso of 15 U.S.C.A. § 1172, that would not prevent the forfeiture of these machines. They were not transported from West Virginia to Calvert County, but to Prince George's County, which has no similar local law. Only two of the forty-two machines have ever been in Calvert County. This is not a case of mere passing through Prince George's County, nor even of a brief pause therein for distribution. The machines were there over eighteen months before the libel in this case was filed. The fact that the machines may have been purchased in good faith by claimant without knowledge that they had been or would be transported across state lines [1] in violation of 15 U.S.C.A. § 1172 does not prevent forfeiture. The government's action is brought in rem against the machines,

---

1. I do not find this to be a fact; the receipt or bill of sale does not appear bona fide to me; it stated the one fact which, if it had been true, would have prevented the operation of the law, and omitted other matters normally included in such documents.

under sec. 1177. The innocence of an owner at the time of seizure is no defense to the forfeiture of an article actually used in violation of law. Such a forfeiture does not violate the Fifth Amendment. United States v. 100 Barrels Distilled Spirits, 14 Wall. 44, 81 U.S. 44, 61, 20 L.Ed. 815; Goldsmith, Jr. Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; Busic v. United States, 4 Cir., 149 F.2d 794; United States v. 12 Miami Digger Slot Machines, 5 Cir., 213 F.2d 918; United States v. 65 Slot Machines, D.C.W.D.La., 102 F.Supp. 922.

■ Claimant's petition must be denied. Under the admitted facts the government is entitled to a judgment forfeiting the forty-two machines to the United States.