# STATE OF MARYLAND *v.* ONE 1967 FORD MUSTANG

[No. 12 (Adv.), September Term, 1972.]

*Decided July 3, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and RALPH W. POWERS, Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Gary Melick, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *H. Edgar Lentz, Assistant Attorney General,* on the brief, for appellant.

No brief filed on behalf of appellee.

DIGGES, J., delivered the opinion of the Court.

This appeal by the State of Maryland is from an order of the Circuit Court for Cecil County directing the State Police to return to its owner a motor vehicle that had been seized for forfeiture. The State contends that the court did not have the discretionary power to order the vehicle's return but, rather, was required to forfeit the automobile. In issuing the order, Judge Mackey observed, "If discretion is part of the trial judge's work kit then under [the facts of this case] we feel this Court will be affirmed. If not, it will be reversed." Since we conclude that he did not have the discretion to deny forfeiture, we reverse his decision.

The happenings giving rise to this dispute are very simple and were stipulated to at the forfeiture trial. It was agreed that: on April 30, 1971, Joseph Harris, the owner of the 1967 Ford Mustang sought to be forfeited, was driving on the John F. Kennedy Memorial Highway in Cecil County when he was stopped by the Maryland State Police; when the trooper approached the automobile, he detected a strong odor of marihuana and upon investigation found two pipes and a vial containing something which appeared to be that substance; later chemical analysis proved this supposition correct; Harris was then charged with having marihuana in his possession, a violation of Maryland Code (1957, 1971 Repl. Vol.), Art. 27, § 286; and upon being found guilty was sentenced by the court to serve 90 days in the county jail.

On December 23, 1971, a court trial was held to determine if, under the provisions of Code (1957, 1971 Repl.

Vol.), Art. 27, § 297 (a) (1), (4), the car could be forfeited. Those sections direct:

"(a) *Property subject to forfeiture.*—The following shall be subject to forfeiture and no property right shall exist in them:

(1) All controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, or possessed in violation of the provisions of this subheading;

\* \* \*

(4) All conveyances including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in (1) . . . ."

Although no provision is made in this statute for the exercise of judicial discretion, Judge Mackey found it "neither consistent nor conceivable" that the legislature would place the judiciary in "an inflexible strait jacket", "paint [it] into a corner", or remove the "power and ability to exercise discretion and make an intelligent equitable consideration and disposition according to the extent of the wrong and the degree of culpability." He ruled that forfeiture is not automatically ordered when requested by the Attorney General. Therefore, since he found that loss of the car would work a severe hardship on Harris and his family, the judge ordered it returned.[1] We conclude this was error.

Once the basis of forfeiture under § 297 is established by a preponderance of the evidence, the remedy is prescribed by law—loss of the seized vehicle. And it is no more permissible to deny forfeiture under these circumstances than it would be to order a debtor to repay a reduced amount than is lawfully due because extenuating circumstances indicate that requiring the full sum

---

1. The order was stayed pending appeal.

to be paid would create great hardship. The statute's mandate must be obeyed for it is not a penalty imposed as part of the criminal punishment that can be invoked at the discretion of the trial judge.[2] If the Legislature had desired to make this forfeiture discretionary it could have so provided. *Compare* Maryland Code (1957, 1971 Repl. Vol.), Art. 27, § 297 *with* Code (1957, 1970 Repl. Vol.), Art. 66C, § 717 (n). (A violation of the provisions for taking or catching soft-shell clams in Queen Anne's and Talbot Counties may result in a specified fine and/or imprisonment. "In addition thereto, *at the discretion of the court hearing the case,* any boat, dredge, or other device . . . used in connection with the violation, *may be* declared forfeited . . . ." (emphasis added)).

Under the Controlled Dangerous Substances Act the duties and powers of the courts are narrowly limited in forfeiture proceedings. Once the seizing authority decides to seek forfeiture,[3] the court's only responsibilities are to require proof that the vehicle seized was "used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled dangerous substances]"; determine that no statutory exceptions are applicable; and insure the adherence to due process requirements. *State v. Greer,* 263 Md. 692, 284 A. 2d 233 (1971) ; *Pr. George's Co. v. Blue Bird Cab,* 263 Md. 655, 284 A. 2d 263 (1971). The language of *Blue Bird* is appropriate in discussing this case. There it is stated:

> "We agree that in some ways this is a harsh law; however, it is within the Legislature's power to decide whether such a forfeiture pro-

---

2. Where no statutory provisions grant the judiciary discretion to deny forfeiture, requests for remission are best directed to the Governor. Whatever power, if any, exists to remit forfeitures is vested in him by Art. II, § 20, Constitution of Maryland.

3. While not dispositive of the issue before us, recent amendments to § 297 added subsections (F) through (U) which provide guidelines for the exercise of discretion by the seizing authority in deciding whether to recommend forfeiture to the State's Attorney. Ch. 659 of the Laws of Maryland 1972 (approved by Governor Mandel on May 31, to take effect July 1, 1972).

vision is desirable. Its purpose is to attempt not only to curtail drug traffic in this state, but to discourage such a blight from continuing in the future. Historically, a decisive action has been required to prevent any plague from spreading. In the present case the Legislature has clearly indicated its purpose for this act. It is to control the proliferation of dangerous drugs in our society and it is a noble purpose, but an arduous task. The measures that have been taken are not out of step with the great weight of authority." *Id.* at 662.

In the case now before us, our conclusion is in accord with the federal and state authorities that have decided the issue. In fact, we have been unable to find a case holding that, in the absence of statutory permission, discretion is vested in the judiciary to deny forfeiture. *See, United States v. Addison,* 260 F. 2d 908 (5th Cir. 1958) ; *United States v. Andrade,* 181 F. 2d 42 (9th Cir. 1950) ; *United States v. Heckinger,* 163 F. 2d 472 (2d Cir. 1947) ; *Kutner Buick, Inc. v. Strelecki,* 111 N. J. Super 89, 267 A. 2d 549 (1970) ; *State v. Cherry,* 387 S.W.2d 149 (Tex. Civ. App. 1965) ; *People v. One 1953 Mercury Four Door Sedan,* 174 Cal. 2d 435, 344 P. 2d 637 (1959).

We conclude that Judge Mackey did not have the discretion to deny this forfeiture.

> *Order reversed.*
> *Case remanded for passage of an .order consistent with the views herein expressed.*
> *Costs to be paid by Joseph Lindsey Harris.*