PRINCE GEORGE'S COUNTY, MARYLAND ET AL.
v. ONE (1) 1969 OPEL ET AL.

[No. 101, September Term, 1972.]

*Decided January 2, 1973.*

The cause was argued before MURPHY, C. J., and MCWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*Gary Melick, Assistant Attorney General,* with whom

were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County, Stephen C. Orenstein, Assistant State's Attorney for Prince George's County, Walter H. Maloney, Jr., County Attorney,* and *Nelson M. Oneglia, Associate County Attorney,* on the brief, for appellants.

*Edward J. Bagley* for appellees.

McWILLIAMS, J., delivered the opinion of the Court. MURPHY, C. J., concurs in the result and filed a concurring opinion at page 501 *infra*.

While not moot this case has a pronounced post mortem cast born of our having to deal with a statute (Code [1971 Repl. Vol.], Art. 27, § 297) declared to be unconstitutional by the learned chancellor, McCullough, J., on 2 March 1972 and, a few months thereafter, repealed and re-enacted with amendments by Ch. 616 of the Acts of 1972, and expanded by Ch. 659. Both chapters became effective on 1 July 1972. The *ad hominem* overtones of the chancellor's opinion evoke a modicum of sympathy. Nonetheless we think he is in error.

Late in October 1971 a Prince George's County detective reported the purchase of methadone from the young operator of a Pontiac Firebird belonging to her father (Robinson). A month later the State's Attorney for Prince George's County filed a petition praying the forfeiture of the vehicle as authorized by § 297, *supra*. Answering the petition, Robinson denied the allegations and, averring the unconstitutionality of § 297, prayed the dismissal of the petition.

In addition to the Pontiac Firebird the State's Attorney prayed the forfeiture of a 1969 Opel belonging to Norma Jean Houghton. The record provides neither the details of the seizure nor the nature of her defense. We shall assume, however, that she took the same tack and averred the unconstitutionality of § 297.

The chancellor found merit in only one of the several

grounds put to him by Robinson and in this regard he said, in part:

> "The Court of Appeals has recognized the general rule that under the doctrine of separation of powers, the law-making function is assigned exclusively to the Legislature, and any attempt to abdicate it in any particular field is unconstitutional, *Pressman v. Barnes,* 121 A. 2d 816, 209 Md. 544 (1955). There the Court said:
>
>> " 'Generally, a statute or ordinance vesting discretion in administrative officials without fixing any standards for their guidance is an unconstitutional delegation of legislative power. But we also hold, as a qualification of the general rule, that where the discretion to be exercised relates to police regulations for the protection of public morals, health, safety, or general welfare, and it is impracticable to fix standards without destroying the flexibility necessary to enable the administrative officials to carry out the legislative *will,* legislation delegating such discretion without such restrictions may be valid.' (Emphasis supplied.) *Id.* 209 Md. at 555.
>
> "It certainly would not have been feasible for the Legislature in enacting Section 297 to spell out every situation where the authorities should or should not forfeit a vehicle and for that very reason they delegated authority to decide whether a vehicle should be forfeited, however, the Legislature has, by empowering local authorities to exercise discretion, indicated that it is not its wish that all vehicles, not subject to the stated exceptions, be forfeited; and it has given *no* indication of what criteria should be employed. Was it the Legislature's wish that Mr. Marshall's standard of 'absolute innocence'

of the owner of the vehicle be used or would the Legislature prefer the Prince George's County Police Departments' guidelines, whatever they might be? There is no way of knowing the answer.

\* \* \*

"The defect of Section 297 is that the fundamental policy of when the statute should be utilized is not provided for, there is no indicium of what the legislative will is. This fundamental policy decision cannot be abdicated by the Legislature."

On 2 March 1972 the chancellor adjudged § 297 to be unconstitutional and ordered the return of the Pontiac to Robinson. On 3 March he ordered the return of the Opel to Miss Houghton. About three weeks thereafter this appeal was noted. On the next day the chancellor and counsel agreed that the fair market value of the Pontiac was $1,595, and in respect of the Opel, $2,000. Pursuant to an order passed the same day counsel for the County deposited these sums in the registry of the court.

In this Court Robinson, for the most part, puts his trust in the opinion of the chancellor, the relevant portion of which we have set forth above. He goes on to argue that § 297 is "hopelessly standardless," that there are no rules laid down "to guide or restrain the power conferred on" the State's Attorney, that there is nothing to "inform the citizen under what terms and conditions his automobile may be forfeited or returned." The absence of guidelines or standards, he says, leaves it "entirely to his untrammeled discretion whether to retain the automobile or return the same." That the State's Attorney, for whatever reason, might fail to move in either direction, i.e., to forfeit or to return, is not argued. That, however, is not before us. Here the motion for forfeiture was filed just about one month after seizure and, for bureaucracy, that seems to be quite reasonable expedition.

In *Commercial Credit Corp. v. State of Maryland*, 258 Md. 192, 265 A. 2d 748 (1970), we dealt with the predecessor of § 297 (Code [1967 Repl. Vol.], Art. 27, § 301). There we held that the Legislature intended the proviso (in § 301) that "no vehicle shall be forfeited . . . unless the owner thereof authorized or permitted such use or employment" to embrace "innocent conditional vendors." It was not suggested in *Commercial Credit* that the apparently unlimited discretion of the State's Attorney to forfeit or not to forfeit had been, in any way, erosive of § 301. A month or so after our decision in *Commercial Credit* Chapter 403 of the Laws of 1970 took effect, repealing §§ 276 through 313D of Art. 27 and substituting in lieu thereof §§ 276 through 302 under a new subheading, "Health-Controlled Dangerous Substances." Patterned after legislation proposed by the United States Department of Justice, Chap. 403 substituted § 297 for § 301 making more rigorous and less flexible the provisions in respect of forfeiture. In *Prince George's County, Maryland v. Blue Bird Cab Co.*, 263 Md. 655, 659-60, 284 A. 2d 203 (1971), we held that the innocence of the owner of the forfeited vehicle is of no consequence. Judge Digges, for the Court, said:

> "In the present action the County does not argue that Blue Bird is a culpable party. But that is insignificant, for in Maryland under the applicable statute at the time of this seizure, lack of complicity by the owner, unless rescued by the stated exceptions in the law, is not a defense and in fact it makes no difference whether there is any conviction of a crime related to those seized goods. It is interesting to note that prior to July 1, 1970 the law in Maryland was contrary to the general view. Code (1957, 1967 Repl. Vol.) Art. 27, § 301 stated in part:
>> " '. . . [A]ny motor vehicle or other vehicle, vessel or aircraft used or employed in the concealment, conveying or transporting of any such narcotic drug, or used dur-

ing the course of any violation of this subtitle by any person or persons convicted of the same, shall upon the conviction or convictions be declared by the court to be forfeited to the county or to Baltimore City, as the case may be; provided that no vehicle shall be forfeited hereunder *unless the owner thereof authorized or permitted such use or employment.*' (Emphasis added.)

This Court accepted that statutory mandate in *Commercial Credit Corp. v. State,* 258 Md. 192, 203, 265 A. 2d 748 (1970), where we said: 'The purpose of Code, Art. 27, § 301, *supra,* is to deter violations of the narcotics laws but not at the expense of innocent persons.' This conclusion as well as the holding in that case is no longer operative. *Commercial Credit* was decided on May 12, 1970, but effective July 1 of that year the Legislature, by Ch. 403, Laws of Maryland 1970, repealed Art. 27, §§ 276-313D and enacted a new law on *Health—Controlled Dangerous Substances* which more closely aligned the forfeiture provisions to the historical concepts of deodand."

Judge Digges went on to say:

"The general tenor of Blue Bird's chirpings is that as an innocent, law abiding party, it should not suffer from the harsh provisions of this statute. It has specifically not raised constitutional questions, but the Supreme Court, as well as other courts, has previously indicated that similar statutes were constitutional. *Van Oster v. Kansas,* 272 U. S. 465, 468, 47 S. Ct. 133, 71 L. Ed. 354 (1926) ; *Goldsmith, Jr.-Grant Co. v. United States,* 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376 (1921) ; *In Re One 1965 Ford Mustang,* 10 Ariz. App. 45, 455 P. 2d 995 (1969) ; *United States v. 46 Gambling*

*Devices,* 138 F. Supp. 896 (D.C. Md. 1956). *But see United States v. U. S. Coin and Currency,* 401 U. S. 715, 91 S. Ct. 1041, 28 L.Ed.2d 434 (1971). We agree that in some ways this is a harsh law; however, it is within the Legislature's power to decide whether such a forfeiture provision is desirable. Its purpose is to attempt not only to curtail drug traffic in this state, but to discourage such a blight from continuing in the future. Historically, decisive action has been required to prevent any plague from spreading. In the present case the Legislature has clearly indicated its purpose for this act. It is to control the proliferation of dangerous drugs in our society and it is a noble purpose, but an arduous task. The measures that have been taken are not out of step with the great weight of authority." *Id.* at 662.

Three days after the *Blue Bird* decision we reversed an order of the Circuit Court for Montgomery County releasing to the owner a car that had been seized pursuant to § 297. *State of Maryland v. Greer,* 263 Md. 692, 694-95, 284 A. 2d 233 (1971). Judge Digges, for the Court, said:

"The first [error] is that the petition here cannot be filed and granted as an adjunct to a criminal case. Forfeiture, unless specifically provided otherwise by statute, is a civil in rem proceeding, separate from any criminal action and it is of little significance whether there is a criminal conviction. *Lilienthal's Tobacco v. United States,* 97 U. S. 237, 24 L. Ed. 901 (1878) ; *Prince George's County v. Blue Bird Cab Company, Inc.,* 263 Md. 655, 284 A. 2d 203 (1971). In the same vein the innocence of the owner of the vehicle is no defense. *Prince George's County v. Blue Bird, supra. But see*

*United States v. U. S. Coin and Currency,* 401
U. S. 715, 91 S. Ct. 1041, 28 L.Ed.2d 434 (1971).
* * *

". . . In this case neither the State, County
or any other possibly interested party was given
notice upon which this petition could have been
challenged. Without such notice, the order that
was issued on the basis of that petition clearly
violates not only the Fourteenth Amendment of
the United States Constitution but also Article
23 of the Maryland Declaration of Rights and
is therefore invalid. *Burns v. Midland* . . . [247
Md. 548, 234 A. 2d 446 (1968)]."

In *State of Maryland v. One 1967 Ford Mustang,* 266 Md.
275, 277-79, 292 A. 2d 64 (1972), the state filed a peti-
tion for the forfeiture of the automobile as provided by
§ 297. The trial judge, assuming the power to exercise
judicial discretion, ordered the return of the vehicle to
the owner. Judge Digges, once more speaking for the
Court, said:

"Once the basis of forfeiture under § 297 is
established by a preponderance of the evidence,
the remedy is prescribed by law—loss of the
seized vehicle. And it is no more permissible to
deny forfeiture under these circumstances than
it would be to order a debtor to repay a reduced
amount than is lawfully due because extenuat-
ing circumstances indicate that requiring the
full sum to be paid would create great hardship.
The statute's mandate must be obeyed for it is
not a penalty imposed as part of the criminal
punishment that can be invoked at the discre-
tion of the trial judge. If the Legislature had
desired to make this forfeiture discretionary it
could have so provided. . . .

"Under the Controlled Dangerous Substances
Act the duties and powers of the courts are
narrowly limited in forfeiture proceedings. Once

the seizing authority decides to seek forfeiture, the court's only responsibilities are to require proof that the vehicle seized was 'used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled dangerous substances]'; determine that no statutory exceptions are applicable; and insure the adherence to due process requirements. . . . In the case now before us, our conclusion is in accord with the federal and state authorities that have decided the issue. In fact, we have been unable to find a case holding that, in the absence of statutory permission, discretion is vested in the judiciary to deny forfeiture. [Citing cases.]"

It will be observed that neither in *Blue Bird* nor in *Greer* nor in *One 1967 Ford Mustang* was the constitutionality of § 297 attacked on grounds of "untrammeled discretion," lack of guidelines and standards, or on any other grounds. It will be observed also that in *Pressman v. Barnes, supra,* we went on to say (after the quotation in the chancellor's opinion):

". . . It is recognized that it would not always be possible for Legislature or City Council to deal directly with the multitude of details in the complex situations upon which it operates. *Comptroller of Treasury v. M.E. Rockhill, Inc.,* 205 Md. 226, 232, 107 A. 2d 93. The modern tendency of the courts is toward greater liberality in permitting grants of discretion to administrative officials in order to facilitate the administration of the laws as the complexity of governmental and economic conditions increases." *Id.* at 555.

It is true, of course, as Judge Digges noted in *One 1967 Ford Mustang,* that the Legislature, by the enactment of Ch. 659 of the Laws of 1972, has spelled out in some detail standards, guidelines and methods of pro-

cedure to be applied and followed by the authorities in respect of the forfeiture of motor vehicles under § 297. Perhaps the Legislature recognized, as did we in *Blue Bird,* that § 297 was indeed a "harsh law" and that it needed lenitive revision. It must not be supposed, however, that a recognition of the desirability of such revision can be equated with invalidity. Sec. 3 of Ch. 659 provides that "this Act shall not apply to any violation committed before the effective date of this Act [1 July 1972]."

What we have said today in *Giant of Maryland, Inc. v. State's Attorney for Prince George's County* and *State's Attorney for Prince George's County v. The Grand Union Co. and Safeway Stores, Inc.,* 267 Md. 501, 298 A. 2d 427 has special significance here:

> "Giant claims a denial of equal protection premised on its assertion that other retail establishments in the County with which it competes are operating on Sunday in apparent violation of § 534H, but have not been challenged or prosecuted. The legality of Giant's competitors' Sunday operations is not before us and, accordingly, we express no opinion on that question. We recognize, however, the wide discretion vested in the State's Attorney in the timing of actions, and initiation of prosecutions, to enforce the law. *Brack v. Wells,* 184 Md. 86, 40 A. 2d 319 (1944) ; *State v. Hunter,* 10 Md. App. 300, 270 A. 2d 343 (1970). Whether Giant is operating in violation of § 534H cannot be made to depend on the question of whether other parties have or have not been prosecuted for similar acts. *Drews v. State,* 236 Md. 349, 204 A. 2d 64 (1964) ; *Callan v. State,* 156 Md. 459, 144 A. 350 (1929). The exercise of some selectivity in the enforcement of a criminal statute, absent a showing of unjustifiable discrimination, does not violate the Fourteenth Amendment. *Oyler*

*v. Boles,* 368 U. S. 448, 82 S. Ct. 501, 7 L.Ed.2d 446 (1962). *See also Moss v. Hornig,* 314 F. 2d 89 (C.A. 2d Cir. 1963)." *Id.* at 517.

> *Orders of 2 March and 3 March 1972 reversed.*
>
> *Cases remanded for further proceedings.*
>
> *Costs to be paid by appellees.*

*Murphy, C. J., concurring:*

Our prior cases plainly mandate the result reached by the Court in these appeals. For that reason, and solely for that reason, I concur in the Court's judgments.