# STATE'S ATTORNEY FOR PRINCE GEORGE'S COUNTY, MARYLAND v. ONE (1) 1971 PONTIAC ET AL.

[No. 178, September Term, 1972.]

*Decided January 9, 1973.*

The cause was argued before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*Gary Melick, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's*

*County,* and *Alan E. D'Appolito, Assistant State's Attorney for Prince George's County,* on the brief, for appellant.

*J. Bowie Lillard* for appellees.

McWILLIAMS, J., delivered the opinion of the Court.

In October 1971 the State's Attorney for Prince George's County, pursuant to Code (1971 Repl. Vol.), Art. 27, § 297, filed a petition for the forfeiture of a Pontiac, two other motor vehicles, and $6,700 in currency, said to belong to one Soles, the owner of the Pontiac. General Motors Acceptance Corporation (GMAC), also claiming to be the owner of the Pontiac by virtue of its being the assignee of a conditional sales contract between Soles and the dealer, intervened and, answering the petition, sought to gain possession of the vehicle or to be paid the balance due it ($5,104.46). GMAC disclaimed any "interest in the currency [$6,700] sought to be forfeited." In the summer of 1972 the trial judge, McCullough, J., passed the order which follows:

> "Upon consideration of the petition for the forfeiture of . . . [the] Pontiac . . . , and answer thereto filed by intervenor . . . [GMAC], the matter having been heard in open Court, and there being no just cause for delay, it is this 25th day of July, 1972, by the Circuit Court for Prince Georges County, Maryland,
>
> "ORDERED and directed that said vehicle be delivered to . . . [GMAC]."

The transcript shows that the order was filed the same day (25 July 1972). On 27 July Judge McCullough passed the order set forth below:

> "This matter having come on for hearing on the 25th day of July, 1972 on the Petition for Forfeiture of . . . [the] Pontiac . . . , and Answer thereto filed by Intervenor . . . [GMAC],

and this Member of the Bench having previously written an opinion declaring Section 297 of Article 27 to be unconstitutional [1], and that nothing has happened since said Order to change the Court's mind, and it further appearing that the Order of July 25, 1972 ordered that the . . . [Pontiac] be delivered to . . . [GMAC] and the court now being of the opinion that the court had no authority to order the deliverance of said motor vehicle, but only had authority to dismiss the Petition filed herein, it is thereupon, this 27th day of July, 1972, by the Circuit Court for Prince George's County, Maryland,

"ORDERED, that the Order of Court dated July 25, 1972 be and the same is hereby *set aside and held for naught,* and it is further,

"ORDERED, that the Petition for Forfeiture of . . . [the] Pontiac . . . be and the same is hereby dismissed." (Emphasis added.)

Copies of the order were sent to the State's Attorney and to counsel for GMAC.

On 27 July, apparently after the order set forth above had been filed, the State's Attorney filed an appeal. The language of the appeal follows:

"Mr. Clerk:

"Enter an appeal to the Court of Appeals on behalf of Arthur A. Marshall, Jr., State's Attorney for Prince George's County, Maryland, Petitioner, from the Order of Court entered in this action on July 25, 1972."

In this Court GMAC moved to dismiss the appeal. The first of the seven grounds put to us is that "the appeal is not from a final judgment of the lower court." The appeal, it argues, is from the order of 25 July which had already been "set aside and held for naught" when

---

1. See Prince George's County v. One (1) 1969 Opel, 267 Md. 491, 298 A. 2d 168 (1973), reversing Judge McCullough's conclusion.

the appeal was entered upon the docket. The State, GMAC continues, had a period of 30 days during which it might have filed a proper appeal from the order of 27 July, of the entry of which, it is clear, it had timely notice. The State takes the position that its appeal was from the order of 25 July, *"as amended"* by the order of 27 July. We are less than impressed and far from persuaded. We think it would be a gross perversion of the mother tongue to hold that an order has been "amended" merely when in fact it has been "set aside and held for naught." Also we think our holding in *Hawkins v. General Motors Acceptance Corp.,* 250 Md. 146, 242 A. 2d 120 (1968), requires the granting of GMAC's motion to dismiss.

While it is unnecessary for us to consider the other six grounds it is at least likely that we might have found GMAC's second ground, i.e., lack of compliance with Maryland Rule 605 a, sufficient justification for granting the motion to dismiss. *Golden Hill Development Co. v. Unger,* 267 Md. 26, 296 A. 2d 370 (1972). We express no opinion in respect of the remaining five grounds.

> *Appeal dismissed.*
> *Costs to be paid by the appellant.*