GATEWOOD ET AL. *v.* STATE OF MARYLAND ET AL.

[No. 195, September Term, 1972.]

*Decided March 20, 1973.*

350

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Leonard A. Briscoe,* with whom was *Lena K. Lee* on the brief, for appellants.

*Millard S. Rubenstein, Special Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

Gatewood, convicted on his guilty plea of possession of controlled dangerous substances, heroin and marijuana, and sentenced to four years' confinement, understandably takes umbrage at an order of the Baltimore City Court forfeiting to the State of Maryland, to the use of the police commissioner of Baltimore City, an amount of $1,862.10 in United States coin and currency found in close proximity to the controlled dangerous substances incident to the execution of a valid search warrant.[1] This appeal is from that order.

A brief summary of the relevant facts will suffice. On 13 September 1971, Officer John Seibold of the Baltimore City Police Department, armed with a search and seizure warrant, went to Gatewood's house in Baltimore, and

---

1. Gatewood's discomfiture is only exceeded by that of his counsel, to whom the $1,862.10, while still in the custody of the police, had been assigned in payment of his fee.

was admitted by Gatewood. In a brown paper bag in Gatewood's bedroom were four bags of heroin, a bottle of marijuana and a bank money bag containing $1,862.10 in cash.

Gatewood was convicted on 8 November 1971. On 18 April 1972, at a time when the $1,862.10 was still in the custody of the Police Department, Gatewood filed in the Criminal Court of Baltimore a petition seeking a return of the money, to which was attached an assignment to his attorney of all his right, title and interest in it. About a week later, the State countered with a petition for forfeiture, filed under Maryland Code (1957, 1971 Repl. Vol.) Art. 27, § 297. The cases were consolidated for trial and resulted in the order which gave rise to this appeal.

The following is an excerpt from the statute here controlling:

"§ 297. Forfeitures and seizures generally.

(a) *Property subject to forfeiture.*—The following shall be subject to forfeiture and no property right shall exist in them:

\* \* \*

(6) All money or currency which shall be found in close proximity to contraband controlled dangerous substances or controlled paraphernalia or which otherwise has been used or intended for use in connection with the illegal manufacture, distribution, dispensing or possession of controlled dangerous substances or controlled paraphernalia.

(b) *Seizure of property subject to forfeiture.* —Any property subject to forfeiture under this subheading may be seized upon process issued by any court having jurisdiction over the property except that seizure without such process may be made when—

(1) The seizure is incident to an arrest or a search under a search warrant or an inspec-

tion under an administrative inspection warrant;

(2) The property subject to seizure has been the subject of a prior judgment in favor of the State in a criminal injunction or forfeiture proceeding under this subheading;

(3) There is probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

(4) There is probable cause to believe that the property has been used or intended to be used in violation of this subheading.

In the event of seizure pursuant to paragraphs (3) and (4) of this subsection, proceedings under subsection (d) of this section shall be instituted promptly.

(c) *Seized property not repleviable; sealing or removal of seized property.*—Property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the person who seized said property subject only to the orders and decrees of the court or the official having jurisdiction thereof. Whenever property is seized under the provisions of this subheading, the person who seized said property may:

(1) Place the property under seal;

(2) Remove the property to a place designated by the court;

(d) *Disposition of forfeited property.*— Whenever property is forfeited under this subheading, the political subdivision in which such property was seized, or, if the property was seized by State authorities, the State may:

(1) Retain the property for official use;

(2) Sell any forfeited property which is not required to be destroyed by law and which is not harmful to the public, provided that the proceeds be disposed of for payment of all

proper expenses of the proceedings for forfeiture and sale including expenses of seizure, maintenance of custody, advertising and court costs;

(3) Require an appropriate agency to take custody of the property and remove it for disposition in accordance with law, or destruction.

\* \* \*

On appeal, Gatewood raises two questions: (i) that Art. 27, § 297 is unconstitutional because he has been deprived of his property without due process and that there is a denial of equal protection; and (ii) that the trial court was in error when it failed to consider whether the cash was in close proximity to the contraband and refused to rule that a delay of five months between conviction and the institution of the forfeiture proceeding did not comply with the statutory mandate that the proceeding be instituted promptly.

As regards the constitutional challenge, the statute, its predecessors and its successor have been considered by us before, the predecessors in *Commercial Credit Corp. v. State of Maryland,* 258 Md. 192, 265 A. 2d 748 (1970); *Prince George's County v. Blue Bird Cab,* 263 Md. 655, 284 A. 2d 203 (1971); the statute here concerned in *State v. Greer,* 263 Md. 692, 284 A. 2d 233 (1971) and *State v. One 1967 Ford Mustang,* 266 Md. 275, 292 A. 2d 64 (1972); and its successor in *Prince George's County v. One 1969 Opel,* 267 Md. 491, 298 A. 2d 168 (1973). It would serve no purpose to repeat the careful explication of the constitutional problems inherent in forfeiture statutes made for the Court by Judge Digges in *Blue Bird, supra,* 263 Md. at 662, which we adopted in *One 1969 Opel, supra.* We remain unpersuaded by the due process and equal protection arguments.

The proximity point requires little discussion. The uncontroverted testimony was that the cash, the heroin and the marijuana were in the same brown paper bag. The fact that the cash happened to be in a bank money

sack which was also in the paper bag can scarcely be said to negate the concept of proximity, and the lower court so found.

The argument that the State failed to proceed with dispatch is equally unpersuasive, since it is grounded on a misreading of the statute. What it says in § 297 (b) (4) is that a forfeiture proceeding must be instituted promptly if seizure is accomplished under § 297 (b) (3) (". . . probable cause to believe that the property is directly or indirectly dangerous to health or safety") or under § 297 (b) (4) (". . . the property has been used or intended to be used in violation of this subheading."). The first condition is patently inapplicable to cash or currency, as is the second, without additional proof, which was absent here.

As the court below pointed out, 30 days, within which an appeal could have been entered, followed the conviction on 8 November 1971. From December 1971 to April 1972, involved a delay of some four months. The State conceded that discussions looking toward the development of a uniform procedure in forfeiture cases occupied much of this time, and it was seemingly stirred into action by the filing of Gatewood's petition in mid-April. Whatever the reason, in the absence of a clear contrary expression of legislative intent, we cannot regard this as an impermissible delay.

One final question remains. The State moved to dismiss on the ground that the appellant failed to print in his record extract any part of the proceedings below other than the opinion of the lower court, in contravention of the requirement of Maryland Rule 828 b. Because the case came to us on what amounted to (but was not characterized as) an agreed statement of facts, we are not inclined to grant the motion.

*Motion to dismiss denied; order affirmed, costs to be paid by appellant, Bland R. B. Gatewood.*