501 A.2d 103
**STATE of Maryland**

v.

**ONE 1976 DODGE MOTOR VEHICLE.**

No. 327, Sept. Term, 1985.

Court of Special Appeals of Maryland.

Dec. 9, 1985.

Certiorari Denied March 10, 1986.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Brian J. Murphy, Asst. State's Atty. for Baltimore City, on the brief), Baltimore, for appellant.

No brief or appearance by appellee's counsel.

Argued before GILBERT, C.J., WEANT, J. and GETTY (JAMES S.), Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

WEANT, Judge.

In October of 1984, appellant, the State of Maryland, filed a Petition in the Circuit Court for Baltimore City for Forfeiture of a 1976 Dodge Motor Vehicle. The forfeiture petition was dismissed pursuant to the motion of Steven Stagmer, the registered owner of the automobile. The State now complains as follows:

I. The trial court erred in imposing a "de novo" or "independent" determination regarding the sufficiency of the article 27, § 297(F)(1) decision by the police commissioner to recommend forfeiture instead of reviewing that decision on a "clearly erroneous" or "abuse of discretion" standard.

II. The trial court erred in dismissing the petition for forfeiture where sufficient evidence was presented to support the police commissioner's recommendation for forfeiture.

III. The trial court committed reversible error when it denied appellant's counsel any opportunity to present argument in a civil non-jury forfeiture proceeding.

Unlike the State, Mr. Stagmer apparently does not consider the loss of a nine-year old vehicle momentous; he has abstained from opposing the State's appeal.

### I.

■ Appellant's first claim of error invites us to hold that, when faced with a forfeiture petition under Md.Ann. Code art. 27, § 297 (1982 Repl. Vol. and 1985 Cum.Supp.), a circuit court is empowered to determine only "whether the police commissioner abused his discretion or was clearly erroneous in recommending forfeiture...." Our reading of art. 27, § 297 convinces us, however, that the statute contemplates a trial *de novo*. Section 297(j) requires the circuit court to hold "a full hearing"; in addition, it sets out the specific actions that the court shall take *once it has determined* that a motor vehicle should or should not be forfeit-

ed. For us to construe § 297 as saying that the circuit court should act in an appellate capacity, as the State urges, would insert words "with a view toward making the statute express an intention which is different from its plain meaning," *Montgomery County v. Fulks,* 500 A.2d 302, 305 (Md. Court of Special Appeals 1985); we decline to do so. We are prompted to reject the State's proposed standard of review for the further reason that it would, in effect, allow forfeiture proceedings to be brought and finally decided in favor of seizure within the executive branch of this State. Such a construction raises serious due process concerns and, absent a clear statement from the Legislature approving such construction, we decline to adopt it.

## II.

Our ruling in Section I above is not intended to expand the circuit court's powers in a forfeiture proceeding. Its duties and powers are and remain

> "narrowly limited.... Once the seizing authority decides to seek forfeiture, the court's only responsibilities are to require proof that the vehicle seized was 'used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled dangerous substances]'; determine that no statutory exceptions are applicable; and insure the adherence of due process requirements."

*Prince George's County v. One 1969 Opel,* 267 Md. 491, 498–99, 298 A.2d 168, 171–72 (1973) (quoting *State v. One 1967 Ford Mustang,* 266 Md. 275, 278–79, 292 A.2d 64, 66 (1971) (quoting Md.Ann.Code art. 27, § 297 (1971 Repl. Vol.))).[1] Moreover, " '[o]nce the basis of forfeiture under § 297 is established by a preponderance of the evidence, the remedy is prescribed by law—loss of the seized vehicle.' " *One 1969 Opel,* 267 Md. at 498, 298 A.2d at 171 (quoting *One 1967 Ford Mustang,* 266 Md. at 277, 292 A.2d at 66).

---

**1.** While we recognize that § 297 has been amended since the cited cases were decided, we believe that those cases still reflect the extent of the trial court's authority.

■ The record before us reveals that the trial court found that the State failed to establish a basis of forfeiture by a preponderance of the evidence. We too have reviewed the evidence presented by the State; we find that the circuit court's determination was not clearly erroneous. Md. Rule 1086.

### III.

■ By its third claim, the State suggests that its right to present argument before the court renders its decision in a forfeiture proceeding rises to the level of that of a defendant in a criminal proceeding. Assuming *arguendo* that the State has such a right, we believe it is only proper that the State be held to the same standard as a defendant when it comes to preserving a claim of error for appeal. In the light of this Court's recent decision of *Cherry v. State,* 62 Md.App. 425, 489 A.2d 1138, *cert. granted,* 304 Md. 46, 497 A.2d 484 (1985), we find that the State, having failed to follow the dictates of *Cherry,* waived any objection it may have had to the court's alleged premature disposition of the instant case.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.