601 A.2d 1119

**STATE of Maryland**

**v.**

**ONE 1989 HARLEY–DAVIDSON MOTORCYCLE VIN: 1HD1BKL15KY029303.**

**No. 487, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Feb. 26, 1992.

**446**

James L. Sherbin, State's Atty. for Garrett County, Oakland (J. Joseph Curran, Jr., Atty. Gen., Baltimore, on the brief), for appellant.

Robert C. Hesson, Oakland, for appellee.

Argued before BISHOP, WENNER and DAVIS, JJ.

BISHOP, Judge.

The State appeals from a decision of the Circuit Court for Garrett County (Thayer, J.) that ordered the release of one 1989 Harley–Davidson Motorcycle, VIN 1HD1BKL15KY029303, that was seized from its owner,

appellee Michael Stanley Patrick, by the Garrett County Police pursuant to Md.Ann.Code art. 27, § 297 (Supp.1991).

The State, presents the following issue:

Whether the Circuit Court Judge can exercise discretion in a forfeiture proceeding and deny a forfeiture once the Plaintiff has established and the Court has found the motor vehicle was being used by its operator, the owner, to transport or to facilitate the transport of marijuana ...?

## Facts

The facts of this case are uncontroverted, and the parties stipulated to them at the forfeiture hearing. Michael Stanley Patrick ("Patrick") was the registered owner of a 1989 Harley Davidson motorcycle that he purchased with $9,500 obtained from his trust fund. On April 20, 1990, Patrick was travelling on his motorcycle from Washington, Pennsylvania to Daytona Beach, Florida accompanied by friends who were driving an automobile. His friends were stopped along Route 40 near Grantsville, in Garrett County, Maryland by Corporal Randy Sines of the Garrett County Sheriff's Office. The occupants of the automobile were subsequently arrested on motor vehicle and controlled dangerous substance ("CDS") charges that are not before us. Initially, Patrick continued on without his friends, but he returned in about 15 minutes to where his friends were stopped to see what was happening, and Corporal Sines flagged him down. Patrick was arrested on motor vehicle charges at the scene and was searched. The circumstances of the stop, arrest, and search were not challenged and are not before us. In the outside pocket of Patrick's jacket, Corporal Sines discovered 22.1 grams of marijuana. Patrick pled guilty to possession of CDS and served five days in the local jail. Prior to this incident, Patrick had no criminal record.

A Complaint for Forfeiture was filed by the State's Attorney for Garrett County requesting, *inter alia,* an order decreeing civil forfeiture of Patrick's motorcycle. The proper procedures in terms of notification, posting, and

publishing were followed, and a forfeiture hearing was held on March 28, 1991. At the conclusion of the hearing, the trial court decided to deny the petition for forfeiture and to return the motorcycle to Patrick. Speaking from the bench, the trial judge stated:

> Well, this, in my opinion, is one of these relatively unclear cases which requires the utilization of some discretion and I believe that the Court does have discretion to review all of the circumstances which surround the seizure of this motorcycle and to determine the propriety of the forfeiture. If that were not the case, all of these standards for seizure would not require their presentation to a forfeiting authority or to the Court for final determination; and reviewing the circumstances, I think it's perfectly clear that the motorcycle here was a conveyance used to [transport] or facilitate the transportation of the controlled dangerous substance, simply because its operator was in possession while he operated it; but reviewing further, that's all there is.

*     *     *     *     *     *

> The petition for forfeiture will be denied and I'll order that the vehicle be returned to its owner.

### Discussion

For reasons that we will explain, we reverse the decision of the trial court.

In this appeal, the State asks us to decide the amount of discretion, if any, that a trial judge possesses under Md. Ann.Code art. 27, § 297 (Supp.1991) to deny a petition for forfeiture after it has been determined that a motor vehicle was used by its owner to transport or to facilitate the transport of CDS. We do not write on a clean slate in interpreting or applying the provisions of § 297.

Subsection (b) describes property that is subject to forfeiture:

(b) The following shall be subject to forfeiture and no property right shall exist in them:

\*    \*    \*    \*    \*    \*

(4) All conveyances including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [CDS.]

Patrick testified that he had marijuana in his jacket pocket when he was riding the motorcycle. Patrick's motorcycle therefore was "used ... to transport [CDS,]" and there can be no question that it was property subject to forfeiture. Patrick argues that because the motorcycle was being used for the purpose of transporting Patrick, not CDS, it was not subject to forfeiture. Patrick's argument is creative, but unconvincing. Section 297 does not require that a vehicle be used "for the purpose of" transporting CDS to be subject to forfeiture; it requires only that the vehicle be used "to transport" CDS. Here, the motorcycle was used to transport CDS: the marijuana was concealed in Patrick's clothing, which was on Patrick, who was on the motorcycle. The trial court correctly determined that "the motorcycle ... was a conveyance used to [transport] or facilitate the transportation of controlled dangerous substance, simply because its operator was in possession while he operated it."

After making this determination, however, the trial court continued by examining and applying the list of "standards for seizure" currently codified at § 297(i).

(i) In exercising the authority to seize motor vehicles pursuant to this section the following standards shall be utilized:

(1) A motor vehicle used in violation of this section shall be seized and forfeiture recommended to the forfeiting authority when:

(i) Controlled dangerous substances in any quantity are sold or attempted to be sold in violation of this subtitle;

(ii) Although the violator has not sold or attempted to sell controlled dangerous substances in violation of this subtitle, an amount of such substances or paraphernalia is located which would reasonably indicate that sale is contemplated by the violator;  or

(iii) The total circumstances of the case dictate that seizure and forfeiture is justified;  these circumstances would include such factors as the following:

1.   The possession of controlled dangerous substances;

2.   An extensive criminal record of the violator;

3.   A previous conviction of the violator for a controlled dangerous substance violation;

4.   Corroborated information is developed indicating that the violator is or was recently a seller, or frequently associates with individuals known to be distributors of illegal controlled dangerous substances or paraphernalia;

5.   Circumstances of the arrest;  or

6.   The manner in which the vehicle was being used.

These standards have been the source of much confusion. Their significance has been explained, however, on prior occasions.   We quote from an opinion of this Court authored by Judge Moylan:

The source of the legal mistake is clear.   Subsection 297(f) [currently codified at § 297(i) ] provides a set of "guidelines for the exercise of discretion by the seizing authority in deciding whether to recommend forfeiture to the State's Attorney." *State v. One 1967 Ford Mustang,* 266 Md. [275] at 278 n. 3, 292 A.2d 64 [ (1972) ].   As we made clear in *State v. 1982 Plymouth,* [67 Md.App. 310, 507 A.2d 633 (1986) ] "[t]hese clearly are not guidelines for the judge. . . .   The decision to seize and the decision to recommend forfeiture to the State's Attorney are not judicial decisions either in the first instance or by way of *de novo* determination."   67 Md.App. at 319 [507 A.2d 633].

\*      \*      \*      \*      \*      \*

The guidelines for seizure, in any event, are only for the benefit of the executive branch and are not subject to judicial review.

*State v. One 1985 Ford,* 72 Md.App. 144, 152–53, 527 A.2d 1311 (1987).

In the case *sub judice,* the trial court obviously considered the standards for seizure set forth in § 297(i)(1). It then exercised discretion in concluding that forfeiture was inappropriate under the circumstances. The trial court said:

[I] think it's perfectly clear that the motorcycle here was a conveyance used to [transport] or to facilitate the transportation of the controlled dangerous substance ... but reviewing further, that's all there is.

Indeed, the motorcycle was not involved in the transportation of controlled dangerous substance for the purpose of sale, or attempted sale, nor was it used in making a sale or an attempted sale. [§ 297(i)(1)(i).] The amount or quantity of the controlled dangerous substance might perhaps have been in reasonable quantity to indicate an intention to distribute[,] but the State chose and we proceeded with simple possession. [§ 297(i)(1)(ii).]

Mr. Patrick has no criminal record either as a violator for controlled dangerous substances or otherwise. [§ 297(i)(1)(iii)(2), (3).]

The circumstances of arrest indicate to me that it's a flat, common garden variety of arrest. [§ 297(i)(1)(iii)(5).] The vehicle was being used to transport its operator who happened to have marijuana in his pocket [§ 297(i)(1)(iii)(6) ], and on that basis, I do not believe that forfeiture's appropriate.

The petition for forfeiture will be denied and I'll order that the vehicle be returned to its owner.

For the trial court to consider and apply the standards for seizure that the legislature intended for the benefit of the executive branch and then exercise discretion to deny forfeiture was erroneous.

The proper role of the judiciary in forfeiture proceedings was explained by Judge Digges in *State v. One 1967 Ford Mustang*, 266 Md. 275, 292 A.2d 64 (1972). In that case, the trial court had returned a car seized by the State police finding "it 'neither consistent nor conceivable' that the legislature would place the judiciary in 'an inflexible strait jacket', 'paint [it] into a corner', or remove the 'power and ability [of the trial court] to exercise discretion and make an intelligent equitable consideration and disposition according to the extent of the wrong and the degree of culpability.' " *Id.* at 277, 292 A.2d 64. In reversing the trial court, Judge Digges, for the Court, explained:

> Once the seizing authority decides to seek forfeiture, the court's only responsibilities are to require proof that the vehicle seized was "used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled dangerous substances]"; determine that no statutory exceptions are applicable; and insure the adherence to due process requirements. *State v. Greer*, 263 Md. 692, 284 A.2d 233 (1971); *Pr. George's Co. v. Blue Bird Cab*, 263 Md. 655, 284 A.2d [203] (1971).

*Id.* [266 Md.] at 278, 292 A.2d 64. To the extent that the trial court in the case *sub judice* did more than this, it committed error. Here, the trial court found the vehicle was used to transport CDS. Patrick did not argue that the seizure fell within any of the statutory exceptions to forfeiture. The parties stipulated that Patrick received the proper notice. Once these determinations were made, the trial court did not have discretion to deny the forfeiture.

While we sympathize with the trial court because it must impose what may seem to it a harsh measure, § 297 requires forfeiture in this case. The language of *Prince George's County v. Blue Bird Cab*, 263 Md. 655, 662, 284 A.2d 203 (1971) again seems apropos:

> We agree that in some ways this is a harsh law; however, it is within the Legislature's power to decide whether such a forfeiture provision is desirable. Its purpose is to

attempt not only to curtail drug traffic in this state, but to discourage such a blight from continuing in the future. Historically, decisive action has been required to prevent any plague from spreading. In the present case the Legislature has clearly indicated its purpose for this act. It is to control the proliferation of dangerous drugs in our society and it is a noble purpose, but an arduous task. The measures that have been taken are not out of step with the great weight of authority.

JUDGMENT REVERSED. COSTS TO BE PAID BY APPELLEE.