605 A.2d 994

Royce D. ALLEN

v.

STATE of Maryland.

No. 1148 Sept. Term, 1991.

Court of Special Appeals of Maryland.

May 6, 1992.

---

776

Victoria S. Lansburgh, Asst. Public Defender, submitted (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

David P. Kennedy, Asst. Atty. Gen., Baltimore, submitted (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and B. Randall Coates, State's Atty. for Worcester County, Snow Hill, on the brief), for appellee.

Submitted before BLOOM, CATHELL and DAVIS, JJ.

CATHELL, Judge.

Royce D. Allen, appellant, was convicted by the court in the Circuit Court for Worcester County of possession of marijuana and possession of a noncontrolled substance with the intent to distribute it as a controlled dangerous substance. Appellant was sentenced to a term of 20 months imprisonment on the noncontrolled substance conviction, and the court merged the marijuana conviction. Appellant's notice of appeal was duly filed. On appeal, he makes the following assignments of error.

I. The court below erred in summarily denying appellant a hearing on his motion to suppress.

II. The court below erred in summarily denying appellant's motion to dismiss the charges on grounds of double jeopardy.

## THE FACTS

On August 28, 1988, at 8:15 a.m., Officer Kevin Ortiz, on his routine patrol in the St. Louis Avenue area of Ocean City, Maryland, noticed two men sleeping in a truck parked on 13th Street. The officer saw a clear plastic bag on the front seat that contained a "brownish green leafy substance" that he recognized as marijuana. He immediately "roused" the occupants and searched the truck with the assistance of Officer Hutchinson.

Appellant was sleeping on the front seat where the marijuana was found and a man identified as Terry Hoffman had been sleeping in the bed of the truck where a jar containing a substance that the officers suspected was PCP was found. The substance was later discovered to be parsley. Also found in the truck was other drug parapher-

nalia. Appellant was subsequently arrested and the truck was seized.

## THE LAW

### I. THE TRIAL COURT PROPERLY DENIED APPELLANT'S MOTION TO SUPPRESS WITHOUT A HEARING.

Appellant makes several contentions. First, appellant contends that the trial court erred in refusing to hold a hearing on the motion to suppress statements he made following his arrest and the evidence seized at the time of his arrest. Appellant maintains that the motion to suppress was timely filed because his second counsel filed a motion contemporaneously with the entering of his appearance. Second, he contends that even if he failed to make a timely filing, Rule 4–252 allows for an exception for "good cause" and the trial court erred by refusing to hold a "good cause" hearing or make a determination on the issue. Finally, appellant contends that the trial court's ruling on the voluntariness question at the end of the trial presented "surprise" and could not compensate for the lack of a suppression hearing.

Rule 4–252(a) provides that, "[i]n the circuit court, the following matters shall be raised by motion in conformity with this Rule and *if not so raised are waived* unless the court, for good cause shown, orders otherwise: ... (3) An unlawful search, seizure, ... (4) An unlawfully obtained admission, statement, or confession...." (Emphasis added.) Section (b) provides that, "[a] motion under section (a) of this Rule shall be filed within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 4–213(c)...."

"[A]ny constitutional claim is waived [if] there [is] no[ ] ... motion filed *within the time* limited by [Rule 4–252]." *Huffington v. State,* 304 Md. 559, 586, 500 A.2d 272 (1985), *cert. denied,* 478 U.S. 1023, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986) (emphasis added). *See also Brooks v. State,* 85

Md.App. 355, 363, 584 A.2d 82 (1991). We have stated that "Maryland Rule 4–252(a)(3) and (b) points out ... that a suppression motion is one that ... must be filed in advance of trial." *Green v. State*, 81 Md.App. 747, 759, 569 A.2d 741 (1990). We went on to say that "failure to raise the suppression issue timely operates as a waiver of that issue." *Id.* 81 Md.App. at 759, 569 A.2d 741 (citing *Kohr v. State*, 40 Md.App. 92, 94–102, 388 A.2d 1242, *cert. denied*, 283 Md. 735 (1978)). *Accord State v. Brown*, 324 Md. 532, 539, n. 1, 597 A.2d 978 (1991) (a defendant is entitled to a suppression hearing on motion filed in accordance with Rule 4–252 raising a factual dispute).

■ In the present case, appellant's first attorney, Mr. Crawford, entered his appearance on February 21, 1989. He filed a motion to strike his appearance on November 13, 1990, but the motion was not granted until December 14, 1990, almost two years after his initial appearance. The motion to suppress should have been filed approximately one year and eight months before appellant's first counsel filed the motion to strike his appearance. Appellant does not allege that any such motion was timely filed by his first attorney. We hold that the provisions of Rule 4–252(b) require a motion to suppress to be filed within 30 days of the entry of the appearance of a defendant's first attorney. The later appearance of other counsel does not revive the 30–day period in which to file such a motion.

■ Additionally, appellant contends that the trial court erred by refusing to hold a hearing on the question of good cause, or, in the alternative, it should have made some sort of determination of whether good cause existed to excuse the Rule 4–252 violation.

We have stated that "[n]othing in the due process clause of the United States Constitution and nothing in Rule 736 [predecessor to Rule 4–252] requires the court to make such an inquiry. Just as the appellant had the responsibility to raise on his own initiative the motion to suppress, he likewise had the responsibility to show good cause...."

*Jones v. State,* 42 Md.App. 209, 214, 400 A.2d 1 (1979), *rev'd on other grounds,* 286 Md. 540, 410 A.2d 16 (1979) (footnote omitted). In the instant case, appellant failed to furnish below or on appeal "good cause" as to why his first attorney failed to comply with Rule 4–252.

█ Finally, appellant contends that the trial court surprised him by ruling on the voluntariness question at the end of the trial. At the conclusion of the trial, the court said the following:

THE COURT: Well, as far as, basically, what we are dealing with is whether, in fact, Mr. Allen's statement was voluntary statement or not....

I find the testimony of Officer Ortiz to be the credible testimony; that, in fact, Mr. Allen was advised of his rights, voluntarily gave a statement as to ownership of the jar of parsley, that he made the statement that it was fake dope, that he sprayed it with lighter fluid because he wanted to make some money.

For that reason, I will find him guilty of the possession of counterfeit CDS with the intent to distribute.

Likewise, by Mr. Allen's own testimony, he does admit that the marijuana was his on the floor, on the bench of his truck. For that reason, I will find him guilty of the possession of marijuana.

Appellant was convicted following a bench trial during which the facts relevant to his motion to suppress were fully developed. The Court of Appeals has said:

Since the appellant here was tried by the court without a jury, [the trial judge's] sole duty when he considered receiving the confession was to determine if there was prima facie proof of its voluntariness. However, once the statement was received, the judge re-assumed his role as trier of fact which is no different than a jury's role.... Just as with the jury, if the judge concludes the confession was voluntary he should again consider it together with all the other evidence as composite whole before

making the ultimate determination of whether the accused is guilty or innocent.

*Lodowski v. State,* 307 Md. 233, 257, 513 A.2d 299 (1986) (quoting *Gill v. State,* 265 Md. 350, 359, 289 A.2d 575 (1972)) (bracketed material in original).

In the case *sub judice,* it is clear that the trial court would be required to rule at the trial as finder of fact on the voluntariness of appellant's statement before it could consider the statement in reaching a verdict. The trial judge considered the statement by appellant, the credibility of the appellant and the police officer, and other evidence generated at trial before rendering his verdict. We perceive no error.

## II. THE COURT BELOW PROPERLY DENIED APPELLANT'S MOTION TO DISMISS THE CHARGES ON GROUNDS OF DOUBLE JEOPARDY.

Prior to appellant's criminal trial, his truck was forfeited pursuant to the Maryland Annotated Code Article 27, section 297(b)(4) (1992), which provides for the forfeiture of all property rights in motor vehicles in which a controlled dangerous substance (CDS) is carried.[1] Appellant filed a motion to dismiss the criminal possession charges against him on the grounds of double jeopardy. Before us, he argues that the forfeiture of his truck was a punishment for the crime of possessing a CDS and a criminal prosecution based upon the same facts violates the Double Jeopardy Clause of the Fifth Amendment because successive prosecutions are prohibited.

---

**1.** State authorities seizing property pursuant to Article 27, section 297(f) may:

(1) Retain the property for official use ...

(2) Sell any forfeited property which is not required to be destroyed by law and which is not harmful to the public, provided that the proceeds be disposed of for payment of all proper expenses of the proceedings for forfeiture ... or

(3) Require an appropriate agency to take custody of the property and remove it for disposition in accordance with law, or destruction.

■ The Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), and the Maryland common law, protect a person from being twice put in jeopardy for the same offense. *Flaherty v. State,* 322 Md. 356, 365, 587 A.2d 522 (1991); *Gianiny v. State,* 320 Md. 337, 342, 577 A.2d 795 (1990); *Randall Book Corp. v. State,* 316 Md. 315, 323, 558 A.2d 715 (1989). The Double Jeopardy Clause, however, is inapplicable to a forfeiture sanction "[u]nless the forfeiture sanction was intended as punishment, so that the proceeding is essentially criminal in character...." *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361 (1984) (citing *Helvering v. Mitchell,* 303 U.S. 391, 398–99, 58 S.Ct. 630, 632–33, 82 L.Ed. 917 (1938)). *See In Re John P.,* 311 Md. 700, 706–07, 537 A.2d 263 (1988) (ordinarily, the initial proceeding must have subjected the individual to risk of punishment before subsequent proceeding involving criminal sanctions is barred by double jeopardy).

Section 297, enacted by Chapter 403, Acts of 1970 and the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970[2] were modeled on the Uniform Controlled Substances Act. *State v. One 1984 Toyota Truck,* 311 Md. 171, 177, 533 A.2d 659 (1987); *Douglass v. State,* 78 Md. App. 328, 340, 552 A.2d 1371 (1989). The two statutes are similar and the construction of the federal statute has been beneficial in construing the meaning of the Maryland statute. *See Prince George's County v. One (1) 1969 Opel,* 267 Md. 491, 298 A.2d 168 (1973). The forfeiture provision of the federal act has been held to be civil in nature. *United States v. Price,* 914 F.2d 1507, 1512 (D.C.Cir.1990); *In the Case of One 1985 Nissan, 300ZX, VIN: JN1C214SFX069854,* 889 F.2d 1317, 1319 (4th Cir.1989); *United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir. 1989); *United States v. Santoro,* 866 F.2d 1538, 1543–44

---

**2.** 21 U.S.C. §§ 801–971 (1990).

(4th Cir.1989); *United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 543 (5th Cir.1987), *cert. denied sub nom. One 1984 Lincoln Mark VII Two–Door v. United States*, 485 U.S. 976, 108 S.Ct. 1270, 99 L.Ed.2d 481 (1988). *See generally United States v. Regan*, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914) (forfeitures have been traditionally regarded as civil); *Director of Finance of Prince George's County v. Cole*, 296 Md. 607, 465 A.2d 450 (discussing the history of forfeiture).[3] Section 297's forfeiture provision also has been construed as civil in nature. *State v. One 1980 Harley–Davidson Motorcycle VIN No. 9G3593950*, 303 Md. 154, 160 n. 5, 492 A.2d 896 (1985); *State v. One 1967 Ford Mustang*, 266 Md. 275, 278, 292 A.2d 64 (1972); *Gatewood v. State*, 264 Md. 301, 304–05, 285 A.2d 623 (1972); *State v. Greer*, 263 Md. 692, 694, 284 A.2d 233 (1971); *Prince George's County v. Blue Bird Cab Co.*, 263 Md. 655, 659, 284 A.2d 203 (1971) (Maryland treats forfeiture as an *in rem* action); *Allied Bail Bonds v. State*, 66 Md.App. 754, 756, 505 A.2d 918 (1986); *One (1) Motor Vehicle To Wit: 1983 Toyota v. State*, 63 Md.App. 208, 209, 492 A.2d 643, *cert. denied sub nom. One 1983 Toyota v. State*, 304 Md. 299, 498 A.2d 1185 (1985); *State v. One 158 Gaming Devices*, 59 Md.App. 44, 51, 474 A.2d 545 (1984), *modified*, 304 Md. 404, 499 A.2d 940 (1985); *Bozman v. Office of Finance*, 52 Md.App. 1, 6, 445 A.2d 1073 (1982), *aff'd*, 296 Md. 492, 463 A.2d 832 (1983) ("Whatever the practical effect may be, ... forfeiture is not viewed in the eyes of the law to be a future or additional punishment of the individual whose property is ... confiscated"). See also *State v. Walls*, 90 Md.App. 300, 308, 600 A.2d 1165 (1992), where we held that the trial court, sitting as a criminal court, had no jurisdiction to hear a petition for the return of forfeited

---

**3.** Forfeiture was recognized in the Bible as an *in rem* action. "If an ox gore a man or a woman, that they die: then the ox shall be surely stoned, and his flesh shall not be eaten; but the owner of the ox shall be quit." *Exodus* 21:28. (The object, *i.e.*, the ox, is proceeded against, not its owner.) *See also Prince George's County v. Blue Bird Cab Co.*, 263 Md. 655, 658, 284 A.2d 203 (1971).

property because even though the petition is authorized by Article 27, section 297, that section mandates that it must be filed as a civil proceeding separate and distinct from any criminal proceeding.

Judge Moylan, discussing the nature of a section 297 proceeding, foresaw the development of the double jeopardy issue, saying: "The Due Process Clause, if applicable, would give the appellant a protection against double jeopardy, but it has regularly been held that an owner of property can suffer forfeiture even after the owner has been found not guilty of the underlying criminal offense." *Ewachiw v. Director of Finance of Baltimore City*, 70 Md.App. 58, 69, 519 A.2d 1327 (1987) (citations omitted).

Appellant, citing *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), argues that labelling a sanction as "civil" or "criminal" to determine whether an accused has been subjected to double punishment has been rejected. In *Halper*, the Supreme Court held that a "violation [of the Double Jeopardy Clause] can be identified only by assessing the character of the actual sanctions imposed on the individual by the machinery of the state through a particularized assessment of the penalty and evaluating the purposes actually served by particular civil sanction." *Id.* 109 S.Ct. at 1893.

A myriad of tests have been espoused to determine whether a sanction is civil or criminal in nature, but the common thread is the statute's legislative intent and its statutory scheme or effect. *See One Assortment*, 465 U.S. at 362–63, 104 S.Ct. at 1104–05; *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168, 83 S.Ct. 554, 567, 9 L.Ed.2d 644 (1963); *Trop v. Dulles*, 356 U.S. 86, 95–96, 78 S.Ct. 590, 595–596, 2 L.Ed.2d 630 (1958). Judge Wilner, now Chief Judge, discussing the various standards in determining the civil or criminal aspects of a statute, stated, "In essence, they express the same thought: What was the paramount legislative intent; what is its paramount effect?" *Anderson v. Dep't of Health & Mental Hygiene*, 64 Md.

App. 674, 691, 498 A.2d 679 (1985), *rev'd on other grounds,* 310 Md. 217, 528 A.2d 904 (1987), *cert. denied sub. nom, Maryland v. Anderson,* 485 U.S. 913, 108 S.Ct. 1088, 99 L.Ed.2d 247 (1988).

"[I]f [the statute] is to accomplish 'some other legitimate governmental purpose,' it is likely not punitive or penal, despite the incidental imposition of some disability." *Anderson,* 64 Md.App. at 691, 498 A.2d 679. The Legislature has stated that the purpose of section 297 is

> to establish a uniform law controlling the manufacture, distribution, possession, and administration of controlled dangerous substances and related paraphernalia in order to insure their availability for legitimate medical and scientific purposes, but to prevent their abuse which results in a serious health problem to the individual and represents a serious danger to the welfare of the people of the State of Maryland.

Act of April 28, 1970, ch. 403 Md.Laws 881. The Court of Appeals stated the Legislature's purpose as an "attempt not only to curtail drug traffic in this State, but to discourage such a blight from continuing in the future.... [and] to control the proliferation of dangerous drugs in our society...." *Blue Bird,* 263 Md. at 662, 284 A.2d 203. *See also State v. One 1989 Harley–Davidson Motorcycle VIN: 1HD1BKL15KY029303,* 90 Md.App. 445, 453, 601 A.2d 1119 (1992). Thus, the statute's purpose is to curtail and discourage drug use and trafficking.

██ The statutory scheme also indicates that section 297 is civil. The standard of proof necessary to sustain a forfeiture action by the state is that of a mere preponderance of the evidence rather than the criminal standard of proof beyond a reasonable doubt. *One 1983 Chevrolet Van Serial No. IGCCG15D8D104615 v. State,* 67 Md.App. 485, 488, 508 A.2d 503, *aff'd,* 309 Md. 327, 524 A.2d 51 (1987); *State v. 158 Gaming Devices,* 59 Md.App. at 51, 474 A.2d 545. *See Ewachiw,* 70 Md.App. at 69, 519 A.2d 1327. ("[Some] procedural devices ... are forbidden in the criminal law but are not only permitted but sometimes logically

compelling in the civil law...."). Additionally, "[t]he statute's mandate *must* be obeyed for it is not a penalty imposed as part of the criminal punishment that can be invoked at the discretion of the trial judge." *State v. One 1967 Ford Mustang,* 266 Md. at 278, 292 A.2d 64 (emphasis added, footnote omitted). *See also State v. One 1989 Harley–Davidson Motorcycle,* 90 Md.App. at 451–52, 601 A.2d 1119 (trial court lacked discretion to deny forfeiture once it had been determined that vehicle was used to transport CDS); *Office of Finance of Baltimore County v. Jones,* 46 Md.App. 419, 425, 417 A.2d 470, *cert. denied,* 288 Md. 740 (1980). Lastly, once the basis of forfeiture is established, the remedy is prescribed by law—loss of the vehicle. *State v. One 1967 Ford Mustang,* 266 Md. at 277, 292 A.2d 64. *See e.g. Halper,* 109 S.Ct. at 1901, n. 8. (strict liability crimes are principally directed at social betterment rather than punishment of the culpable individual). Thus, section 297 does not run afoul of *Halper.*[4]

Appellant also cites *One Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), in support of his argument that section 297 is criminal in nature. The Supreme Court, in *One Plymouth Sedan* characterized a forfeiture proceeding as quasi-criminal. The Court noted that the object of a forfeiture proceeding is "to penalize for the commission of an offense against the law." *Id.* 380 U.S. at 700, 85 S.Ct. at 1250. *One Plymouth Sedan* is factually inapposite. In that case, the Court was discussing the applicability of the exclusionary rule of the

---

**4.** Additionally, *Halper* is factually inapposite. *Halper* was not a forfeiture case. The defendant in that case was subject to a civil action against him personally under the civil False Claims Act after his prosecution under the criminal false claims statute. As we have stated, forfeiture proceedings are *in rem* actions, not *in personam* actions. *See Prince George's County v. Blue Bird,* 263 Md. at 658, 284 A.2d 203 ("Forfeiture is grounded in the legal fiction that an inanimate object can be guilty of a crime.") (Citations omitted.)

Lastly, the Supreme Court did not mention *89 Firearms, supra,* in *Halper,* which further suggests that it did not intend *Halper* to be directly applicable in cases of forfeiture.

Fourth Amendment to a forfeiture proceeding. Additionally, "cases have acknowledged that ... even remedial sanctions carry the sting of punishment." *Halper*, 109 S.Ct. at 1901, n. 7. "[C]ivil proceedings may advance punitive as well as remedial goals...." *i.e.*, punitive damages. *Id.* at 1901.

■ Section 297 is a civil statute and is "punitive only insofar as it does not condone the trade in narcotics by permitting persons involved in such trade to retain ill gotten gains." *Price*, 914 F.2d at 1513. Accordingly, we hold that a forfeiture proceeding is a civil action and when brought prior or subsequent to a criminal proceeding does not involve the Double Jeopardy Clause of the Fifth Amendment nor the Maryland common law double jeopardy prohibition.

■ Finally, appellant advances the argument that the criminal prosecution is precluded because it is based on the same incident as the forfeiture proceeding. He cites *Gianiny v. State*, 320 Md. 337, 577 A.2d 795 (1990), and *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), as authority. In *Gianiny*, the defendant paid the pre-set fine for negligent driving for a traffic citation issued to him following a motor vehicle collision. The defendant was subsequently prosecuted for the death that resulted from the collision. 320 Md. at 339, 577 A.2d 795. The Court of Appeals, relying on *Blockburger*[5], held that by paying the fine the defendant stood convicted of and was punished for negligent driving and negligent driving is a lesser included offense of manslaughter by automobile. Thus, the successive prosecution of manslaughter was barred by double jeopardy. *Gianiny*, 320 Md. at 343, 577 A.2d 795.

---

5. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See also Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977); *Iannelli v. United States*, 420 U.S. 770, 785, n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616 (1975); *State v. Ferrell*, 313 Md. 291, 297, 545 A.2d 653 (1988); *Nightingale v. State*, 312 Md. 699, 702–03, 542 A.2d 373 (1988).

We do not find *Gianiny* controlling. First, *Gianiny* involved two criminal charges. In the case *sub judice*, we have already established that the forfeiture provision of Section 297 is civil in nature. Second, in *Gianiny*, negligent driving was held to be a lesser included offense of manslaughter by automobile. Civil forfeiture is not a lesser included offense of possession of CDS or non-CDS. A vehicle can be forfeited if it is used or intended to be used to transport a controlled dangerous substance. The government need only establish that there was a CDS and that the car was used or intended to be used to transport the CDS. In order to establish possession and possession with intent to distribute, the government must show that the appellant in fact possessed the CDS and intended to distribute it. Thus, neither civil forfeiture nor criminal CDS charges require the establishment of an essential element of the other.

*Grady* expanded the law of double jeopardy. *See Apostoledes v. State,* 323 Md. 456, 467, 593 A.2d 1117 (1991); *State v. Garner,* 90 Md.App. 392, 394, 601 A.2d 142 (1992). *Grady* provides that the Double Jeopardy Clause is violated if the government, in order to establish an essential element of the subsequently charged offense, will prove the conduct for which the defendant has already been prosecuted. *Grady,* 110 S.Ct. at 2093.

In the case *sub judice*, the truck, not the present defendant, was prosecuted in the prior civil forfeiture action. *See Prince George's County v. Blue Bird,* 263 Md. at 659, 284 A.2d 203 (the property is the object of prosecution because of its connection to the crime); *Bozman,* 52 Md. App. at 6, 445 A.2d 1073 (it is "as if the property were a living co-defendant.")

We stated in *Ewachiw* that a prior criminal acquittal does not bar a subsequent forfeiture proceeding. We hold in the case *sub judice* that a prior forfeiture action does not bar a subsequent criminal proceeding. Thus, Judge Groton properly denied appellant's motion to dismiss.

**790**

JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.