681 A.2d 527

**ONE 1984 FORD TRUCK VIN # 1FTCF15F1ENA87898**

v.

**BALTIMORE COUNTY, Maryland.**

No. 823, Sept. Term, 1995.

Court of Special Appeals of Maryland.

Aug. 28, 1996.

Asher Martin Rubin (Paul M. Weiss and Margolis, Pritzker & Epstein, P.A., on the brief), Towson, for Appellant.

Rachel A. Wohl, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on the brief), Baltimore, for Appellee.

Argued before WILNER, C.J., BLOOM *, J., and PAUL E. ALPERT, Judge (retired), Specially Assigned.

WILNER, Chief Judge.

This is an appeal from a civil forfeiture action against appellant's vehicle, which was used to transport and facilitate the sale of illegal drugs. Appellant complains that, because he was previously convicted of and sentenced to incarceration for the underlying drug offense, the forfeiture of his truck constitutes a second punishment for the same offense in violation of the law against double jeopardy.

We recently had occasion to review this very issue in *Stratemeyer v. State,* 107 Md.App. 420, 668 A.2d 948 (1995). In that case, relying on a recent trilogy of Supreme Court cases—*United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)—we overruled our previous holding in

---

* Bloom, J., now retired, participated in the hearing and decision of this case while an active member of this Court; after being recalled pursuant to the Constitution of Maryland, Article IV, Sections 3A and 18(b) he also participated in the adoption of this opinion.

*Allen v. State,* 91 Md.App. 775, 605 A.2d 994, *cert. denied, Allen v. State,* 328 Md. 92, 612 A.2d 1315 (1992), and held that forfeiting a defendant's vehicle pursuant to Md.Code art. 27, § 297, on the ground that it was used to facilitate the unlawful transportation and distribution of controlled dangerous substances, constituted punishment for the purposes of Federal and State double jeopardy law. Our decision in *Stratemeyer,* however, has been itself effectively overruled by the recent United States Supreme Court opinion in *United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In light of that decision, we readopt the position we took in *Allen,* that civil forfeiture does not constitute punishment for double jeopardy purposes. Accordingly, we shall affirm the trial court's judgment.

### FACTS

On or about May 2, 1994, appellant was arrested on Holabird Avenue in Dundalk for allegedly transporting and selling controlled dangerous substances from his 1984 Ford truck. A search incident to the arrest revealed a pager, $80 in cash, and approximately $200 worth of narcotics.

On May 23, 1994, appellant was charged in a six-count indictment with possession of a controlled dangerous substance, possession with intent to distribute a controlled dangerous substance, assault, battery, disorderly conduct, and resisting arrest. On June 1, 1994, the Baltimore County Police seized appellant's truck. The County subsequently filed a complaint in the Circuit Court for Baltimore County seeking forfeiture of the truck pursuant to art. 27, § 297. Appellant failed to answer the complaint, and an order of default was entered on August 19, 1994. On September 21, appellant filed an answer to the complaint, along with a motion to vacate the order of default.

On November 3, 1994, appellant waived a jury trial in the criminal case and pled guilty to three counts—possession of a controlled dangerous substance, assault, and resisting arrest. The remaining counts were *nol prossed* and he was sentenced

to eight years imprisonment, with all but 60 days suspended in favor of three years of supervised probation.

On February 17, 1995, appellant filed a motion to dismiss the forfeiture action on double jeopardy grounds. A hearing was conducted on March 29, 1995, on appellant's motion to dismiss and on the merits of the forfeiture claim. In a Memorandum Opinion and Order dated April 10, 1995, the court denied the motion to dismiss, stating that it was persuaded by appellant's double jeopardy argument but that the existing law in Maryland did not prohibit the forfeiture and that it "is the obligation of the Court of Appeals to make public policy, and not that of a mere trial judge." In an order dated April 12, 1995, the court granted the County's petition for forfeiture. This appeal ensued.

## BACKGROUND

██ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. That clause protects against both "successive punishments and . . . successive prosecutions." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2139 (quoting *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993)).

As noted, before the Court's latest pronouncement on the double jeopardy issue in *Ursery,* it issued a trilogy of opinions [1] dealing with the issue of whether civil penalties, including forfeiture, constituted punishment in a Constitutional sense. Although no single case held that civil forfeiture constituted punishment for double jeopardy purposes, we viewed the cases as pieces to a puzzle. When all of the pieces were in place—that is, when all three cases were read together—we were left with the belief, an incorrect belief as we have

---

1. *United States v. Halper, supra, Austin v. United States, supra,* and *Department of Revenue v. Kurth Ranch, supra.*

since been informed, that the Supreme Court had transformed the law regarding civil forfeiture and double jeopardy.

In *Ursery*, the Supreme Court reviewed two Federal Court of Appeals decisions—*United States v. Ursery*, 59 F.3d 568 (6th Cir.1995), and *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994). Those cases—like *Stratemeyer*—interpreted the Court's decisions in *Halper, Austin*, and *Department of Revenue v. Kurth Ranch*, as holding that civil forfeiture constituted punishment for double jeopardy purposes and that the Government was therefore prohibited from both trying a defendant for a criminal offense and pursuing a separate civil forfeiture action against his property for that same underlying offense. On review, the Supreme Court found that both the Sixth and Ninth Circuits had misinterpreted its prior decisions. Dispelling all of the confusion on this issue, the Court said plainly:

> "In sum, nothing in *Halper, Kurth Ranch*, or *Austin*, purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause. Congress long has authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings, and this Court consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause."

*Ursery*, —— U.S. at ——, 116 S.Ct. at 2147.

The Court reminded us that, "[s]ince the earliest years of this Nation, Congress has authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal prosecutions based upon the same underlying event." *Id.* —— U.S. at ——, 116 S.Ct. at 2140. In that regard, it reviewed its earlier decisions in *Various Items of Personal Property v. United States*, 282 U.S. 577, 581, 51 S.Ct. 282, 283–84, 75 L.Ed. 558 (1931), *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), and *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984).

In *Various Items*, the Court rejected the view that civil forfeiture was punishment for double jeopardy purposes, noting:

" '[This] forfeiture proceeding … is *in rem*. It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted, and punished. The forfeiture is no part of the punishment for the criminal offense. The provision of the Fifth Amendment to the Constitution in respect of double jeopardy does not apply.' "

*Various Items*, 282 U.S. at 581, 51 S.Ct. at 284. The Court observed that, to rule otherwise would be in derogation of a long-standing tradition because, "at common law, in many cases, the right of forfeiture did not attach until the offending person had been convicted and the record of conviction produced." *Id.* at 580, 51 S.Ct. at 283. Reviewing that language, the *Ursery* Court emphasized that, "at common law, not only was it the case that a criminal conviction did not bar a civil forfeiture, but, in fact, the civil forfeiture could not be instituted unless a criminal conviction had already been obtained." *Ursery*, —— U.S. at ——, 116 S.Ct. at 2141.

The Supreme Court did not address this issue again until forty-one years later in *One Lot Emerald Cut Stones v. United States, supra*. As in *Various Items*, the Court in *Emerald Cut Stones* focused on the civil nature of the sanction, holding that "if for no other reason the forfeiture is not barred by the Double Jeopardy Clause of the Fifth Amendment because it involves neither two criminal trials nor two criminal punishments." *One Lot Emerald Cut Stones, supra*, 409 U.S. at 235, 93 S.Ct. at 492.

■ The latest decision—besides *Ursery*—*specifically* addressing civil forfeiture in the context of double jeopardy law was *United States v. One Assortment of 89 Firearms, supra*. In that case, the owner of the weapons, who had been acquitted of dealing in firearms without a license, challenged the

constitutionality of the subsequent civil forfeiture proceeding against the firearms. In a unanimous decision, the Supreme Court held that the prior criminal proceeding did not bar the forfeiture action. It reasoned:

"Unless the forfeiture sanction was intended as punishment, so that the proceeding is essentially criminal in character, the Double Jeopardy Clause is not applicable. The question, then, is whether a § 924(d) forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial."

*89 Firearms*, 465 U.S. at 362, 104 S.Ct. at 1105 (citations omitted). The Court set forth a two-fold analysis: Did Congress intend for the forfeiture statute to be a civil remedial sanction and, if so, was that intention negated by the punitive nature of the statute.

Applying the first prong, the *89 Firearms* Court concluded that the forfeiture statute was intended as a remedial sanction. It based its conclusion on the fact that (1) the forfeiture proceeding was *in rem* and that traditionally *in rem* proceedings were civil in nature, (2) the forfeiture statute reached beyond the underlying criminal offense because it included those weapons "intended to be used," as well as those actually used, in violation of the law, and (3) the forfeiture statute was remedial in that it was aimed at "discouraging unregulated commerce in firearms" and "removing from circulation firearms that have been used or intended for use outside regulated channels of commerce." *89 Firearms*, 465 U.S. at 364, 104 S.Ct. at 1106.

With regard to the second part of the analysis, the Court held that " '[o]nly the clearest proof' that the purpose and effect of the forfeiture are punitive will suffice to override Congress' manifest preference for a civil sanction." *Id.* at 365, 104 S.Ct. at 1106 (quoting *United States v. Ward*, 448 U.S. 242, 249, 100 S.Ct. 2636, 2641–42, 65 L.Ed.2d 742 (1980)). Evaluating the list of considerations set forth in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963), the Court found that only one of the

factors—"whether or not the proscribed behavior is already a crime"—even remotely supported the proposition that the forfeiture was a criminal penalty. *89 Firearms,* 465 U.S. at 365, 104 S.Ct. at 1104. The Court determined that that factor alone did not suffice to "transfor[m] what was clearly intended as a civil remedy into a criminal penalty." *Id.* at 366, 104 S.Ct. at 1107 (quoting *Rex Trailer Co. v. United States,* 350 U.S. 148, 154, 76 S.Ct. 219, 222–23, 100 L.Ed. 149 (1956)). Thus, the Court concluded that civil forfeiture is "not an additional penalty for the commission of a criminal act, but rather is a separate civil sanction, remedial in nature." *89 Firearms,* 465 U.S. at 366, 104 S.Ct. at 1107.

After examining the decisions in *Various Items, Emerald Cut Stones,* and *89 Firearms,* the *Ursery* Court noted that those cases all "adhere to a remarkably consistent theme," that is, *"in rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2142.

In *Stratemeyer,* we concluded that that view had been effectively modified by *Halper* and *Austin,* and that, although *Kurth Ranch* was a fact-specific case with no precedential value to our case, *Halper* and *Austin,* read together with the Court of Appeals decision in *Aravanis v. Somerset County,* 339 Md. 644, 664 A.2d 888 (1995),[2] led to the "inescapable conclusion" that forfeiture under § 297 constituted punishment for double jeopardy purposes. *Stratemeyer,* 107 Md. App. at 436, 668 A.2d 948.

The Supreme Court's recent pronouncement in *Ursery,* however, makes clear that nothing in *Halper* or *Austin* was intended to "overrule the well-established teaching of *Various*

---

2. *Aravanis* held that forfeiture under the Maryland forfeiture statute (Md.Code art. 27, § 297) constituted punishment for the purposes of the Maryland Declaration of Rights, art. 25—the State equivalent to the Eighth Amendment.

*Items, Emerald Cut Stones,* and *89 Firearms." Ursery,* ——
U.S. at ——, 116 S.Ct. at 2144.

In sum, the Court distinguished the trilogy, stating that
*"Halper* dealt with *in personam* civil penalties under the
Double Jeopardy Clause; *Kurth Ranch* with a tax proceeding
under the Double Jeopardy Clause; and *Austin* with civil
forfeitures under the Excessive Fines Clause." *Id.,* —— U.S.
at ——, 116 S.Ct. at 2147. The Court concluded that "[n]one
of those cases dealt with the subject of this case: *in rem* civil
forfeitures for purposes of the Double Jeopardy Clause." *Id.*

After clarifying the law, the Court proceeded to consider the
case under the two-part test set forth in *89 Firearms.* Under
the first prong of the test, it found that Congress intended the
proceedings under the federal forfeiture statute to be civil. It
noted that both 21 U.S.C. § 881 and 18 U.S.C. § 981 "provide
that the laws 'relating to the seizure, summary and judicial
forfeiture, and condemnation of property for violation of the
customs laws . . . shall apply to seizures and forfeitures in-
curred' under § 881 and § 981" and that, under the customs
laws, the proceedings were *in rem. Id.,* —— U.S. at ——, 116
S.Ct. at 2147. The Court reiterated that *in rem* proceedings
have traditionally been civil proceedings.

Other procedural mechanisms also led to the Court's find-
ings, including the fact that, under the statutes, actual notice
of the forfeiture is unnecessary when the Government cannot
identify an interested party, the fact that a summary adminis-
trative proceeding can dispose of the forfeiture action if no
party files a claim for the property, and the fact that the
burden of proof shifts to the claimant once the Government
has shown probable cause that the property is subject to
forfeiture.

With regard to the second prong of the test, the Court
found that the proceedings under §§ 881 and 981 are not "so
punitive in form and effect as to render them criminal despite
Congress' intent to the contrary." *Id.,* —— U.S. at ——, 116
S.Ct. at 2148. It stated that the "[m]ost significant" reason
was that the statutes serve very important nonpunitive goals.

Section 881(a)(7)—the statute under which Ursery's property was forfeited—provides for the forfeiture of all property which is used or intended to be used to facilitate a felony drug crime. The Court reasoned that "[r]equiring the forfeiture of property used to commit federal narcotics violations encourages property owners to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes." *Id.*, —— U.S. at ——, 116 S.Ct. at 2148.

Sections 981(a)(1)(A) and 881(a)(6)—the statutes under which the property was forfeited in *$405,089.23 U.S. Currency, supra*—provide, respectively, for the forfeiture of any property involved in illegal money-laundering and all property "furnished or intended to be furnished" in exchange for illegal drugs, traceable to a drug exchange, or used to facilitate a felony drug crime. The Court said that "[t]he same remedial purposes served by § 881(a)(7) are served by § 881(a)(6) and § 981(a)(1)(A) .... [and that, to] the extent that § 881(a)(6) applies to 'proceeds' of illegal drug activity, it serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts." *Id.*, —— U.S. at —— - —.——, 116 S.Ct. at 2148–49.

The Court added that four other considerations aided in its determination that § 881(a)(6) and (a)(7) and § 981(a)(1)(A) are civil proceedings. First, it held that the long-standing tradition, along with its earlier decisions in *Various Items, Emerald Cut Stones,* and *89 Firearms,* make clear that historically *in rem* civil forfeitures have not been considered punishment for double jeopardy purposes. Second, it held that the forfeiture statutes under review did not require *scienter* in order to forfeit the property and that the property may be subject to forfeiture even if there is no connection between the property and an individual. The Court recognized that both statutes have an "innocent owner" exception but held that, without more evidence that the statute was intended to punish, that provision alone was not relevant in determining whether the statute is punitive for double jeopardy purposes. *Id.*, —— U.S. at ——, 116 S.Ct. at 2149. Third, the Court noted that, although deterrence was one purpose of the stat-

utes, that purpose may serve both remedial and punitive goals. Fourth, the Court found that, although the statutes under review were connected with criminal activity, that factor also is not determinative. It said, "[i]t is well settled that 'Congress may impose both a criminal and a civil sanction in respect to the same act or omission.'" *Id.,* —— U.S at ——, 116 S.Ct. at 2149 (citation omitted). Thus, the Court concluded that "*in rem* civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." *Id.*

## OUR CASE

We recognize that the *Ursery* Court analyzed the double jeopardy issue in the context of Federal forfeiture statutes and that the case before us deals with a State forfeiture statute. We nonetheless find the decision and analysis in *Ursery* to be instructive. The Maryland forfeiture statute— § 297—mirrors the federal forfeiture statute— § 881—and was adopted largely from it. Because we find no real difference in function or purpose between the State and Federal statutes, we shall use the Supreme Court's analysis as guidance in determining this case.

Appellant's property was forfeited pursuant to Md.Code art. 27, § 297(b)(4), which provides that the following property shall be subject to forfeiture:

"All conveyances including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled dangerous substances or controlled paraphernalia]."

Under the two-part test set forth in *89 Firearms* and applied in *Ursery,* we find that forfeiture proceedings under § 297 were intended by the Maryland Legislature to be civil rather than criminal and are not "so punitive in form and effect as to render them criminal despite [the Legislature's] intent to the contrary." *See Ursery,* —— U.S. at ——, 116 S.Ct. at 2148.

That the Legislature intended the proceedings to be civil is evident in several respects: (1) as with the statutes

scrutinized in *Ursery,* proceedings under § 297 are *in rem* proceedings and *in rem* proceedings have been traditionally viewed as civil proceedings, *see 1986 Mercedes v. State,* 334 Md. 264, 273, 638 A.2d 1164 (1994), *Ursery,* —— U.S. at ——, 116 S.Ct. at 2144; (2) the standard of proof applicable in forfeiture actions is preponderance of the evidence, *1986 Mercedes,* 334 Md. at 274, 638 A.2d 1164; (3) the property may be subject to forfeiture without a hearing if no one files a timely answer, Md.Code art. 27, § 297(h)(6)(ii); (4) the statute reaches property used in violation of law and those "intended to be used" in such a manner, thus it reaches a broader range of conduct than the criminal statute; (5) the forfeiture serves broad remedial aims, including discouraging property owners from using or allowing others to use their property for illegal purposes; and (6) section 297 was adopted largely from the federal forfeiture law, 21 U.S.C. § 881, and the Supreme Court has found in analyzing § 881 that "[t]here is little doubt that Congress intended these forfeitures to be civil proceedings." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2147.

■ With regard to the second prong of the test, the Court in *Kennedy v. Mendoza–Martinez, supra,* 372 U.S. at 168–69, 83 S.Ct. at 567–68, set forth a list of considerations to aid in the determination of whether an otherwise civil proceeding was so punitive as to require the protections granted in criminal trials:

"Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter,* whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned[.]"

(Footnotes omitted.)

■ Applying those factors to the case at bar, it is evident that, under the *Ursery* analysis, rather than the

*Halper/Austin* approach, § 297 is not so punitive as to require criminal constitutional protections. First, civil *in rem* proceedings historically have not been regarded as punishment. Second, the statute does not require that the State prove *scienter* in order to forfeit the property. In fact, the property can be forfeited even if the owner does not file a response. Md.Code art. 27, § 297(h)(6)(ii). Although the statute provides for an "innocent owner" exception, Md.Code art. 27, § 297(c),[3] the *Ursery* Court held that, without more, that provision is not relevant in determining whether the statute is punitive for double jeopardy purposes. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2149. Third, although the statute serves a deterrent purpose, "forfeiture ... serves a deterrent purpose distinct from any punitive purpose." *Id.,* —— U.S. at ——, 116 S.Ct. at 2149 (quoting *Bennis v. Michigan,* 516 U.S. ——, ——, 116 S.Ct. 994, 1000, 134 L.Ed.2d 68 (1996)). Fourth, as stated in *Ursery,* although the statute is connected with the commission of a crime, that fact alone is far from the "clearest proof necessary to show that a proceeding is criminal." *Id.,* —— U.S. at ——, 116 S.Ct. at 2149.

Accordingly, we hold that *Stratemeyer* is relegated to history and that the forfeiture of appellant's truck did not constitute punishment for the purposes of double jeopardy. We shall therefore affirm the judgment.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

3. *See also One 1988 Jeep Cherokee VIN No. 1JCMT7898JT159481 v. City of Salisbury,* 98 Md.App. 676, 635 A.2d 21 (1994).